SEKI, NISHIMURA & WATASE, LLP
GILBERT M. NISHIMURA (SBN 57905)
JANET L. KEUPER (SBN 128417)
jkeuper@snw-law.com
600 Wilshire Boulevard, Suite 1250
Los Angeles, California 90017
Tel.: (213) 481-2869 | Fax: (213) 481-2871

Attorneys for Defendants, ROSELYN IBANEZ,
DARLA CODDINGTON and JERRY POWERS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANA AMORE, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF LOS ANGELES, LOS ANGELES COUNTY PROBATION DEPARTMENT, LOS ANGELES COUNTY CHIEF PROBATION OFFICER JERRY POWERS, DEPUTY PROBATION OFFICER OSCAR CALDERON, JR., DEPUTY PROBATION OFFICER FNU IBANEZ, DEPUTY PROBATION OFFICER FNU GONZALEZ, SUPERVISING DEPUTY PROBATION OFFICER FNU CODDINGTON, and DOES 1 TO 10, <br><br> Defendants. | Case No.: 2:17-cv-5207-JAK <br><br> (Hon. John A. Kronstadt) <br><br> **ANSWER OF DEFENDANTS, ROSELYN IBANEZ, DARLA CODDINGTON AND JERRY POWERS TO PLAINTIFF'S SECOND AMENDED COMPLAINT** <br><br> **Action Filed: July 14, 2017** |

COMES NOW DEFENDANTS, ROSELYN IBANEZ, DARLA CODDINGTON and JERRY POWERS (referred to as "Answering Defendants") by and through their attorneys of record, and answering Plaintiff, Ariana Amore's Second Amended Complaint (SAC), admit, deny and allege on behalf of themselves only and for no others, as follows:

1.      These Answering Defendants admit that the County of Los Angeles operates a juvenile detention facility.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 1 of the SAC and on that basis, the remainder of Paragraph 1 is denied.

2.      These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 2 of the SAC and on that basis, the allegations of Paragraph 2 are denied.

3.      These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 3 of the SAC and on that basis, the allegations of Paragraph 3 are denied.

4.      These Answering Defendants admit that Plaintiff's SAC seeks compensatory and punitive damages.  These Answering Defendants deny that they violated any of Plaintiff's Constitutional Rights and deny that they were a cause of damage to Plaintiff.  These Answering Defendants deny that they were deliberately indifferent to Plaintiff or any of the probationers; deny that they failed to respect and enforce policies, and specifically deny that they failed to enforce key policies designed to prevent or deter sexual abuse; deny that they failed to train their employees and specifically deny that they failed to train their employees regarding policies designed to prevent sexual abuse; deny that they failed to discipline their employees for violating policies; deny that they maintained vague or unclear policies and

deny that they maintained customs or practices that deviated from written policy.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 4 and on that basis, the remainder of Paragraph 4 is denied.

5.      These Answering Defendant admit the jurisdictional allegations of Paragraph 5.

6.      These Answering Defendants admit that Plaintiff alleges conduct of Los Angeles County employees.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the request and on that basis, the remainder of Paragraph 6 is denied.

7.      These Answering Defendants admit that Camp Kenyon Scudder is a juvenile detention camp located at that address in Santa Clarita, CA.  These Answering Defendants admit that Plaintiff was incarcerated at Camp Scudder.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 7 and on that basis, the remainder of Paragraph 7 is denied.

8.      These Answering Defendants admit that the County of Los Angeles is a legal entity in the State of California.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 8, based on the lack of definition in the Paragraph, and on that basis, the remainder of Paragraph 8 is denied.

9.      These Answering Defendants admit that the Los Angeles County Probation Department is a public agency.  These Answering Defendants deny that, at the relevant times, defendant Jerry Powers was the Acting Chief Probation Officer.  These Answering Defendants admit that the

Los Angeles County Probation Department operates Camp Scudder. These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 9 and on that basis, the remainder of Paragraph 9 is denied.

10.     These Answering Defendants admit that defendant Calderon was a deputy probation officer for the LACPD.  These Answering Defendants deny that the alleged actions of Calderon, as asserted in the SAC, were done within the course and scope of his duties as a probation officer and deny that said alleged actions were done with authority or ratification of County.  These Answering Defendants deny that the alleged actions of Calderon, as asserted in the SAC, were within the scope of his employment.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 10 and on that basis, the remainder of Paragraph 10 is denied.

11.     These Answering Defendants admit the allegations of Paragraph 11 that defendant Ibanez was in the course and scope of her employment with the County of Los Angeles Probation Department.  These Answering Defendants deny that defendant Ibanez violated Plaintiff's Constitutional Rights and deny that any of her actions or omissions were a cause of injury or damage to Plaintiff.

12.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 12.  This defendant is not known to these Answering Defendants.  On that basis, the allegations of Paragraph 12 are denied.

13.     These Answering Defendants admit the allegations of Paragraph 13 that defendant Coddington was in the course and scope of her employment with the County of Los Angeles Probation Department.  These

Answering Defendants deny that defendant Coddington violated Plaintiff's Constitutional Rights and deny that any of her actions or omissions were a cause of injury or damage to Plaintiff.

14.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 14 and on that basis, Paragraph 14 is denied.

15.     These Answering Defendants incorporate by reference all admissions and denials as previously set forth in each and every paragraph of their answer to the SAC.

16.     These Answering Defendants admit that Plaintiff was remanded to the custody of the LACPD and was incarcerated at Camp Scudder.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of Paragraph 16 and on that basis, the remainder of Paragraph 16 is denied.

17.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 17 and on that basis, the allegations of Paragraph 17 are denied.

18.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 18 and on that basis, the allegations of Paragraph 18 are denied.

19.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 19 and on that basis, the allegations of Paragraph 19 are denied.

20.     These Answering Defendants deny that they witnessed any inappropriate conduct as alleged in Paragraph 20 of the SAC and deny that they were aware of any inappropriate conduct as alleged in Paragraph 20 of the SAC.  These Answering Defendants lack knowledge sufficient to form a

belief upon which to admit or deny the remainder of the allegations of Paragraph 20 of the SAC and on that basis, the remainder of Paragraph 20 is denied.

21.   These Answering Defendants deny that they witnessed any inappropriate conduct as alleged in Paragraph 21 of the SAC and deny that they were aware of any inappropriate conduct as alleged in Paragraph 21 of the SAC.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 21 of the SAC and on that basis, the remainder of Paragraph 21 is denied.

22.   These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 22 of the SAC and on that basis, the allegations of Paragraph 22 are denied.

23.   These Answering Defendants deny that defendant Coddington was advised by Plaintiff's "godfather" about the alleged inappropriate behavior of Calderon.  These Answering Defendants deny that defendant Coddington made the comments as alleged in Paragraph 23 and deny that Coddington told plaintiff's godfather that she was the person to whom he could make complaints.   These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 23 and on that basis, the remainder of the allegations of Paragraph 23 are denied.

24.   These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 24 of the SAC and on that basis, the allegations of Paragraph 24 are denied.

25.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 25 of the SAC and on that basis, the allegations of Paragraph 25 are denied.

26.     These Answering Defendants deny that they were advised of any inappropriate conduct as alleged in Paragraph 26 of the SAC and deny that they failed to intervene once notified of any allegations regarding Calderon.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 26 and on that basis, the remainder of the allegations of Paragraph 26 are denied.

27.     These Answering Defendants deny that they discouraged camp wards from making complaints, deny that they made the statements as attributed to them in Paragraph 27 and deny that they dissuaded complaints. These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 27 and on that basis, the remainder of the allegations of Paragraph 27 are denied.

28.     These Answering Defendants deny that they discouraged complaints and deny that their actions violated Plaintiff's Constitutional Rights and deny that their actions were a cause of injury or damage to Plaintiff.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 28 and on that basis, the remainder of the allegations of Paragraph 28 are denied.

29.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 29 and on that basis, the allegations of Paragraph 29 are denied.

30.    These Answering Defendants deny that the snack shop was not regularly monitored.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 30 and on that basis, the remainder of the allegations of Paragraph 30 are denied.

31.    These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 31 and on that basis, the allegations of Paragraph 31 are denied.

32.    These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 32 and on that basis, the allegations of Paragraph 32 are denied.

33.    These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 33 and on that basis, the allegations of Paragraph 33 are denied.

34.    These Answering Defendants deny that the snack shop was not visited by LACPD officers.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations or Paragraph 34 and on that basis, the remainder of the allegations of Paragraph 34 are denied.

35.    These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 35 and on that basis, the allegations of Paragraph 35 are denied.

36.    These Answering Defendants deny that they warned camp wards not to snitch and deny that they told camp wards not to file complaints against them.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations

of Paragraph 36 and on that basis, the remainder of the allegations of Paragraph 36 are denied.

37.     These Answering Defendants deny that defendant Coddington made the comments as alleged in Paragraph 37, deny that any of the Answering Defendants observed or were advised of any inappropriate conduct as alleged in Paragraph 37, deny that defendant Coddington was aware or had any knowledge of the alleged actions as set forth in Paragraph 37, and deny that Coddington failed to respond when advised of any inappropriate conduct.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 37 and on that basis, the remainder of the allegations of Paragraph 37 are denied.

38.     These Answering Defendants admit that Coddington had supervision of her subordinates, deny that she had any knowledge of any inappropriate behavior as alleged in Paragraph 38, deny that she supervised all LACPD officers, and deny that she observed any inappropriate behavior toward Plaintiff.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 38 and on that basis, the remainder of the allegations of Paragraph 38 are denied.

39.     These Answering Defendants deny that Plaintiff was isolated from any protection by LACPD officers or staff.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 39 and on that basis, the remainder of the allegations of Paragraph 39 are denied.

40.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 40 and on that basis, the allegations of Paragraph 40 are denied.

41.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 41 and on that basis, the allegations of Paragraph 41 are denied.

42.     These Answering Defendants deny that they had notice or any knowledge that Calderon was engaging in any conduct in violation of any written policy. These Answering Defendants deny the remainder of Paragraph 42.

43.     These Answering Defendants deny that they failed to act as alleged in Paragraph 43, and deny that they were aware of any conduct in violation of department policy or law.  These Answering Defendants admit that certain of said policies are to deter sexual abuse but deny that they failed to enforce any such policies as alleged in Paragraph 43.  These Answering Defendants deny the remainder of Paragraph 43.

44.     These Answering Defendants deny that they failed to supervise Calderon, deny that they were aware of any sexual abuse of Plaintiff as alleged in the SAC, deny that they failed to report or investigate when notified of any alleged inappropriate conduct of Calderon and deny that there was a culture of LACPD officers intimidating camp wards from making complaints.  These Answering Defendants deny that they failed to act after being advised of any inappropriate behavior by Calderon, deny that Calderon's behavior was not timely investigated and deny that Calderon was not subject to timely LACPD discipline.   These Answering Defendants deny the charging allegations of Paragraph 44.

45.    These Answering Defendants deny that they were advised of any inappropriate conduct of Calderon as alleged in Paragraph 45, deny that they did not timely investigate, once notified of the alleged acts, and deny that Calderon was not adequately trained or supervised.  These Answering Defendants deny the charging allegations of Paragraph 45.

46.    These Answering Defendants deny that they violated Plaintiff's Constitutional Rights and deny that any of their actions or omissions were a cause of injury or damage to Plaintiff.  These Answering Defendants deny that Plaintiff sustained any injury or damage as a result of any conduct on the part of any of these answering defendants.   These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 46 and on that basis, the remainder of Paragraph 46 is denied.

47.    These Answering Defendants deny that they violated Plaintiff's Constitutional Rights and deny that any of their actions or omissions were a cause of injury or damage to Plaintiff.  These Answering Defendants deny that Plaintiff sustained any injury or damage as a result of any conduct on the part of any of these answering defendants.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 47 and on that basis, the remainder of Paragraph 47 is denied.

48.    These Answering Defendants deny that they violated Plaintiff's Constitutional Rights and deny that any of their actions or omissions were a cause of injury or damage to Plaintiff.  These Answering Defendants deny that Plaintiff sustained any injury or damage as a result of any conduct on the part of any of these answering defendants.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the

remainder of the allegations of Paragraph 48 and on that basis, the remainder of Paragraph 48 is denied.

49.     These Answering Defendants deny that they violated Plaintiff's Constitutional Rights and deny that any of their actions or omissions was a cause of injury or damage to Plaintiff.  These Answering Defendants deny that Plaintiff sustained any injury or damage as a result of any conduct on the part of any of these answering defendants.   These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 49 and on that basis, the remainder of Paragraph 49 is denied.

50.     These Answering Defendants deny that they violated Plaintiff's Constitutional Rights and deny that any of their actions was a cause of injury or damage to Plaintiff.  These Answering Defendants deny that their actions or omissions were willful, wanton, malicious or oppressive or were in reckless disregard or in deliberate indifference to or with intent to deprive Plaintiff of her Constitutional Rights.  These Answering Defendants deny that they violated Plaintiff's Constitutional Rights and deny that they are liable to Plaintiff for exemplary or punitive damages.  These Answering Defendants deny the remainder of Paragraph 50.

51.     These Answering Defendants incorporate by reference all admissions and denials as previously set forth in each and every paragraph in their Answer to the SAC.

52.     These Answering Defendants admit that Plaintiff was a ward of the court and incarcerated at Camp Scudder.  These Answering Defendants admit that Camp Scudder is a juvenile detention facility operated by the County of Los Angeles.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the

allegations of Paragraph 52 and on that basis, the remainder of Paragraph 52 is denied.

53.     These Answering Defendants deny that they deprived Plaintiff of her civil rights, deny that their actions in any manner inhibited Plaintiff's freedom of speech or right to petition for redress of grievances or to complaint of her treatment.  These Answering Defendants that any of their actions or omissions would chill a person of ordinary firmness from engaging in freedom of speech.   These Answering Defendants deny the remainder of Paragraph 53.

54.     These Answering Defendants deny that any of their actions constituted an abuse of authority, deny that any of their actions were unlawful or were intended to or did harm Plaintiff.  These Answering Defendants deny that any of their actions or omissions were unfair, arbitrary or oppressive and deny that any of their actions was a cause of injury or damage to Plaintiff.  These Answering Defendants deny the remainder of Paragraph 54.

55.     These Answering Defendants deny that any of their actions or omissions were willful, wanton, malicious or done with reckless disregard for the rights and safety of Plaintiff.  These Answering Defendants deny the remainder of Paragraph 55.

56.     These Answering Defendants deny that any of their actions were unlawful and deny that any of their actions or omissions were a cause of any injury or damage to Plaintiff.  These Answering Defendants deny the remainder of Paragraph 56.

57.     These Answering Defendants deny that they violated Plaintiff's Constitutional Rights and deny that they were a cause of any injury or

damage to Plaintiff. These Answering Defendants deny the remainder of Paragraph 57.

58.    These Answering Defendants incorporate by reference all admissions and denials as previously set forth in each and every paragraph in their answer to the SAC.

59.    These Answering Defendants admit that Plaintiff was a ward of the court and incarcerated at Camp Scudder. These Answering Defendants admit that Camp Scudder is a juvenile detention facility operated by the County of Los Angeles. These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 59 and on that basis, the remainder of Paragraph 59 is denied.

60.    These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 60 and on that basis, the allegations in Paragraph 60 are denied.

61.    These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 61 and on that basis, the allegations in Paragraph 61 are denied.

62.    These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 62 and on that basis, the allegations in Paragraph 62 are denied.

63.    These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 63 and on that basis, the allegations in Paragraph 63 are denied.

64.    These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 64 and on that basis, the allegations in Paragraph 64 are denied.

65.     These Answering Defendants deny that they violated Plaintiff's Constitutional Rights and deny that any of their acts or omissions were a cause of injury or damage to Plaintiff.    These Answering Defendants deny that any of their acts or omissions were unlawful.

66.     These Answering Defendants incorporate by reference all admissions and denials as previously set forth in each and every paragraph in their answer to the SAC.

67.     These Answering Defendants admit that Plaintiff was a ward of the court and incarcerated at Camp Scudder.  These Answering Defendants admit that Camp Scudder is a juvenile detention facility operated by the County of Los Angeles.   These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 67 and on that basis, the remainder of Paragraph 67 is denied.

68.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 68 and on that basis, Paragraph 68 is denied.

69.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 69 and on that basis, the allegations in Paragraph 69 are denied.

70.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 70 and on that basis, the allegations in Paragraph 70 are denied.

71.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 71 and on that basis, the allegations in Paragraph 71 are denied.

72.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 72 and on that basis, the allegations in Paragraph 72 are denied.

73.     These Answering Defendants deny that they violated Plaintiff's Constitutional Rights and deny that any of their acts or omissions were a cause of injury or damage to Plaintiff.    These Answering Defendants deny that any of their acts or omissions were unlawful.

74.     These Answering Defendants incorporate by reference all admissions and denials as previously set forth in each and every paragraph in their answer to the SAC.

75.     These Answering Defendants admit that Plaintiff was a ward of the court and incarcerated at Camp Scudder.  These Answering Defendants admit that Camp Scudder is a juvenile detention facility operated by the County of Los Angeles.   These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 75 and on that basis, the remainder of Paragraph 75 is denied.

76.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 76 and on that basis, the allegations in Paragraph 76 are denied.

77.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 77 and on that basis, the allegations in Paragraph 77 are denied.

78.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 78 and on that basis, the allegations in Paragraph 78 are denied.

79.    These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 79 and on that basis, the allegations in Paragraph 79 are denied.

80.    These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 80 and on that basis, the allegations in Paragraph 80 are denied.

81.    These Answering Defendants deny that they violated Plaintiff's Constitutional Rights and deny that any of their acts or omissions were a cause of injury or damage to Plaintiff.    These Answering Defendants deny that any of their acts or omissions were unlawful.

82.    These Answering Defendants incorporate by reference all admissions and denials as previously set forth in each and every paragraph in their answer to the SAC.

83.    These Answering Defendants admit that Plaintiff was a ward of the court and incarcerated at Camp Scudder.  These Answering Defendants admit that Camp Scudder is a juvenile detention facility operated by the County of Los Angeles.   These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 83 and on that basis, the remainder of Paragraph 83 is denied.

84.     These Answering Defendants admit the allegations of Paragraph 84.

85.    These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 85 and on that basis, the allegations in Paragraph 85 are denied.

86.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 86 and on that basis, the allegations in Paragraph 86 are denied.

87.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 87 and on that basis, the allegations in Paragraph 87 are denied.

88.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 88 and on that basis, the allegations in Paragraph 88 are denied.

89.     These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 89 and on that basis, the allegations in Paragraph 89 are denied.

90.     These Answering Defendants deny that they violated Plaintiff's Constitutional Rights and deny that any of their acts or omissions were a cause of injury or damage to Plaintiff.   These Answering Defendants deny that any of their acts or omissions were unlawful.

91.     These Answering Defendants incorporate by reference all admissions and denials as previously set forth in each and every paragraph in their answer to the SAC.

92.     These Answering Defendants admit that their own actions were within the course and scope of their employment by the County and the LACPD.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations in Paragraph 92 and on that basis, the remainder of the allegations of Paragraph 92 are denied.

93.     These Answering Defendants deny that they deprived Plaintiff of any Constitutional Rights and deny that any of their actions or omissions

were a cause of injury or damage to Plaintiff.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations in Paragraph 93 and on that basis, the remainder of the allegations in Paragraph 93 are denied.

94.    These Answering Defendants deny each and every allegation in Paragraph 94 of the SAC.

95.    These Answering Defendants deny each and every allegation in Paragraph 95 of the SAC.

96.    These Answering Defendants deny each and every allegation in Paragraph 96 of the SAC.

97.    These Answering Defendants deny each and every allegation in Paragraph 97 of the SAC.  These Answering Defendants deny that Plaintiff was injured or damaged as a result of any act or omission of any of the Answering Defendants and deny that any conduct on their part entitles Plaintiff to punitive damages from any of the Answering Defendants.

98.    These Answering Defendants incorporate by reference all admissions and denials as previously set forth in each and every paragraph in their answer to the SAC.

99.    These Answering Defendants admit that their own actions were within the course and scope of their employment by the County and the LACPD.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations in Paragraph 99 and on that basis, the remainder of the allegations are denied.

100.   These Answering Defendants deny that they deprived Plaintiff of any Constitutional Rights and deny that any of their actions or omissions were a cause of injury or damage to Plaintiff.  These Answering Defendants lack knowledge sufficient to form a belief upon which to admit or deny the

remainder of the allegations in Paragraph 100 and on that basis, the remainder of the allegations in Paragraph 100 are denied.

101.   These Answering Defendants deny each and every allegation in Paragraph 101 of the SAC.

102.   These Answering Defendants deny each and every allegation in Paragraph 102 of the SAC.

103.   These Answering Defendants deny each and every allegation in Paragraph 103 of the SAC.

104.   These Answering Defendants deny each and every allegation in Paragraph 104 of the SAC.

105.   These Answering Defendants deny each and every allegation in Paragraph 105 of the SAC.  These Answering Defendants deny that Plaintiff was injured or damaged as a result of any act or omission of any of the Answering Defendants and deny that any conduct on their part entitles Plaintiff to punitive damages from any of the Answering Defendants.

106.   These Answering Defendants incorporate by reference all admissions and denials as previously set forth in each and every paragraph in their answer to the SAC.

107.   These Answering Defendants admit that defendant Coddington is a supervisor in the Los Angeles County Probation Department.

108.   These Answering Defendants deny that any acts or omissions of defendant Coddington were a cause of any injury or damage to Plaintiff and further deny that any acts or omissions of defendant Coddington were in violation of Plaintiff's Constitutional Rights.

109.   These Answering Defendants deny that defendant Coddington knew or had been put on notice of any inappropriate conduct of Calderon as alleged in Paragraph 109 of the SAC, deny that defendant Coddington knew

that Calderon was engaging in conduct in violation of policy and deny that she knew or had reason to know that any conduct of Calderon was violating Plaintiff's rights.

110.    These Answering Defendants deny that any actions or omissions of Coddington were a cause of any inappropriate conduct as alleged in Paragraph 110 of the SAC.

111.    These Answering Defendants deny each and every allegation in Paragraph 111 of the SAC.

112.    These Answering Defendants deny each and every allegation in Paragraph 112 of the SAC.

113.    These Answering Defendants deny each and every allegation in Paragraph 113 of the SAC.

114.    These Answering Defendants deny that the actions of Coddington were in reckless or callous indifference to the deprivation of anyone's rights, including Plaintiff.  The Answering Defendants deny that Coddington engaged in any conduct which was a cause of injury or damage to Plaintiff.

115.    These Answering Defendants deny each and every allegation in Paragraph 115 of the SAC.  These Answering Defendants deny that Plaintiff was injured or damaged as a result of any act or omission of any of the Answering Defendants and deny that any conduct on their part entitles Plaintiff to punitive damages from any of the Answering Defendants.

116.    These Answering Defendants incorporate by reference all admissions and denials as previously set forth in each and every paragraph in their answer to the SAC.

117.    These Answering Defendants admit that Plaintiff seeks recovery under the stated statute.

118.   These Answering Defendants deny each and every allegation of Paragraph 118 of the SAC.  The Answering Defendants deny that they had knowledge, at any time, that Plaintiff was at risk of being sexually assaulted by Calderon, deny that they conspired with each other to refuse to protect Plaintiff and deny that they failed to intervene to protect Plaintiff.  These Answering Defendants deny that they violated Plaintiff's civil rights and deny that they conspired with each other to violate Plaintiff's civil rights.

119.   These Answering Defendants deny that any of their acts or omissions were a cause of injury or damage to Plaintiff, deny that they acted with deliberate indifference and deny that Plaintiff was harmed due to any conduct on the part of the Answering Defendants.

120.   As to the Prayer for Relief, these Answering Defendants deny that any of their acts or omissions were a cause of injury or damage to Plaintiff; deny that Plaintiff is entitled to any compensatory or special damages from them; and deny that Plaintiff is entitled to any punitive damages from them.  These Answering Defendants deny that Plaintiff is entitled to any damages in any sum from Answering Defendants.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1.   The SAC fails to state a claim against the Answering Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2.   The damages alleged by Plaintiff in the SAC were not caused by the fault, carelessness, negligence or wrongful conduct on the part of the Answering Defendants, but if any such fault, carelessness, or negligence is found to exist, any recovery or reward of damages must be diminished in proportion to the amount of fault attributable to Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

3.     The Answering Defendants are entitled to an offset for all benefits paid to Plaintiff by any agency of the County of Los Angeles or through funds which were provided by the County of Los Angeles.

**FOURTH AFFIRMATIVE DEFENSE**

4.     Plaintiff has failed to mitigate her damages.

**FIFTH AFFIRMATIVE DEFENSE**

5.     The Answering Defendants exercised due care and diligence in all matters alleged in the SAC, and no negligence or wrongful act or omission by said Answering Defendants was the proximate cause of any alleged injury, loss or damage to Plaintiff.

**SIXTH AFFIRMATIVE DEFENSE**

6.     Any alleged acts or omissions by the Answering Defendants were superseded by the negligence of the Plaintiff, whose negligence was the sole and proximate cause of any damages that Plaintiff alleges in the SAC.

**SEVENTH AFFIRMATIVE DEFENSE**

7.     Any and all acts or omissions of the Answering Defendants which allegedly caused the injury at the time and place set forth in the SAC were in the exercise of discretion vested in them and therefore there is no liability pursuant to California Government Code Section 820.2, et seq.

**EIGHTH AFFIRMATIVE DEFENSE**

8.     The acts of the Answering Defendants were lawfully made in good faith as law enforcement officers acting within the scope of their authority and with reasonable cause at the time to believe that their conduct was lawful.

## NINTH AFFIRMATIVE DEFENSE

9.     Public employees are not liable for their acts or omissions, while exercising due care, keeping the peace, insuring the safety of the public, and enforcing the law.

## TENTH AFFIRMATIVE DEFENSE

10.     The Answering Defendants took action which might reasonably be expected of law enforcement officers of ordinary prudence, acting under similar circumstances, who desire to keep the peace and enforce the law.

## ELEVENTH AFFIRMATIVE DEFENSE

11.     These Answering Defendants exercised due care and diligence in all matters alleged in the SAC, and no negligence or wrongful act or omission by said Defendants was the proximate cause of any alleged injury, loss or damage to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

12.     These Answering Defendants allege that if Plaintiff suffered any damages, those damages were proximately caused or contributed to by the negligence or otherwise culpable conduct of individuals or entities other than these Answering Defendants, whether or not named and served herein, which precludes Plaintiff from recovery against these Answering Defendants.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     The alleged acts and/or omissions by the Answering Defendants were not in the performance under the "color of law" as required by 42 U.S.C. §1983.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     The Plaintiff's SAC and each and every claim contained therein, and/or any amendments thereto, are barred by the applicable statute of limitations.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    The Answering Defendants are informed and believes and thereon allege that Defendants are entitled to a right of contribution from any person whose negligence or intentional act proximately contributed to the happening of the alleged incident or alleged injuries of Plaintiff should Plaintiff receive a verdict against these Answering Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

16.    The Answering Defendants liability, if any, for Plaintiff's non-economic damages is limited to these answering Defendants proportionate fault, if any, in accordance with California Civil Code sections 1432.2 and 1431.5 and any damages awarded to Plaintiff against these Answering Defendants should be reduced accordingly.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17.    The Answering Defendants reserve their right to seek defense costs on the basis that the instant lawsuit was not brought in good faith and is frivolous.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18.    Plaintiff's SAC fails to set forth a cause of action because the Answering Defendants did not act pursuant to an official government policy which violated Plaintiff's constitutional rights.

### NINETEENTH AFFIRMATIVE DEFENSE

19.    Plaintiff has failed to exhaust her remedies under State and/or Administrative law as to some or all of the allegations contained in her SAC.

### TWENTIETH AFFIRMATIVE DEFENSE

20.    Plaintiff's Complaint is unable to establish that any activity alleged to have caused the unconstitutional deprivation was done pursuant to a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by these Answering Defendants.

## TWENTY FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff's injuries, if any, were caused by persons other than the Answering Defendants.

## TWENTY SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's injuries, if any, are the result of her own negligence and/or assumption of known risk.

## TWENTY THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff's allegations and claims for relief are barred, in whole or in part, by the doctrine of laches.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiff's allegations and claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiff's allegations and claims for relief are barred, in whole or in part, by the doctrine of estoppel.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

26.     The Answering Defendants cannot fully anticipate all affirmative defenses that are applicable to Plaintiff's claims based on the general allegations contained in the SAC.  As such, these Answering Defendants reserve their right to assert additional affirmative defenses as they become applicable.

///

///

///

///

///

///

///

**PRAYER**

WHEREFORE, Answering Defendants prays for judgment on Plaintiff's SAC, the award of their costs and fees in this action, and for such relief as the Court may deem just and proper.

Dated: October 3, 2017        SEKI, NISHIMURA & WATASE, LLP


By: _____/S/ *Janet L. Keuper*_____
    GILBERT M. NISHIMURA
    JANET L. KEUPER
    Attorneys for Defendants, ROSELYN
IBANEZ, DARLA CODDINGTON and
JERRY POWERS


**REQUEST FOR JURY TRIAL**

THESE ANSWERING DEFENDANTS,  Roselyn Ibanez, Darla Coddington and Jerry Powers, hereby request a jury trial on all issues triable by jury, as provided by Federal Rule of Civil Procedure, Rule 38(a) and (b).

Dated: October 3, 2017        SEKI, NISHIMURA & WATASE, LLP


By: _____/S/ *Janet L. Keuper*_____
    GILBERT M. NISHIMURA
    JANET L. KEUPER
    Attorneys for Defendants, ROSELYN
IBANEZ, DARLA CODDINGTON and
JERRY POWERS