SEKI, NISHIMURA & WATASE, LLP
GILBERT M. NISHIMURA (SBN 57905)
JANET L. KEUPER (SBN 128417)
jkeuper@snw-law.com
600 Wilshire Boulevard, Suite 1250
Los Angeles, California 90017
Tel.: (213) 481-2869 | Fax: (213) 481-2871

Attorneys for Defendants, COUNTY OF LOS ANGELES,
ROSELYN IBANEZ, DARLA CODDINGTON and JERRY POWERS

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARIANA AMORE,<br><br>                Plaintiff,<br><br>        vs.<br><br>COUNTY OF LOS ANGELES, LOS ANGELES COUNTY PROBATION DEPARTMENT, LOS ANGELES COUNTY CHIEF PROBATION OFFICER JERRY POWERS, DEPUTY PROBATION OFFICER OSCAR CALDERON, JR., DEPUTY PROBATION OFFICER FNU IBANEZ, DEPUTY PROBATION OFFICER FNU GONZALEZ, SUPERVISING DEPUTY PROBATION OFFICER FNU CODDINGTON, and DOES 1 TO 10,<br><br>                Defendants. | Case No.: 2:17-cv-5207-JAK<br><br>(Hon. John A. Kronstadt)<br><br>**ANSWER OF DEFENDANT, COUNTY OF LOS ANGELES TO PLAINTIFF'S SECOND AMENDED COMPLAINT**<br><br>**REQUEST FOR JURY TRIAL**<br><br>**Action Filed: July 14, 2017** |

COMES NOW DEFENDANT, COUNTY OF LOS ANGELES, (referred to as "Answering Defendant") by and through its attorneys of record, and answering Plaintiff, Ariana Amore's Second Amended Complaint (SAC), admit, deny and allege on behalf of itself only and for no others, as follows:

1.      This Answering Defendant admits that the County of Los Angeles operates a juvenile detention facility.  This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 1 of the SAC and on that basis, the remainder of Paragraph 1 is denied.

2.      This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 2 of the SAC and on that basis, the allegations of Paragraph 2 are denied.

3.      This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 3 of the SAC and on that basis, the allegations of Paragraph 3 are denied.

4.      This Answering Defendant admits that Plaintiff's SAC seeks compensatory and punitive damages.  This Answering Defendant denies that it violated any of Plaintiff's Constitutional Rights and denies that any of its conduct was a cause of damage to Plaintiff.  This Answering Defendant denies that it was deliberately indifferent to Plaintiff or any of the probationers; denies that it failed to respect and enforce policies, and specifically denies that it failed to enforce key policies designed to prevent or deter sexual abuse; denies that it failed to train its employees and specifically denies that it failed to train its employees regarding policies designed to prevent sexual abuse; denies that it failed to discipline its employees for violating policies; denies that it maintained vague or unclear

policies and denies that it maintained customs or practices that deviated from written policy. This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 4 and on that basis, the remainder of Paragraph 4 is denied.

5. This Answering Defendant admits the jurisdictional allegations of Paragraph 5.

6. This Answering Defendant admits that Plaintiff alleges conduct of Los Angeles County employees. This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 6 and on that basis, the remainder of Paragraph 6 is denied.

7. This Answering Defendant admits that Camp Kenyon Scudder is a juvenile detention camp located at that address in Santa Clarita, CA. This Answering Defendant admits that Plaintiff was incarcerated at Camp Scudder. This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 7 and on that basis, the remainder of Paragraph 7 is denied.

8. This Answering Defendant admits that the County of Los Angeles is a legal entity in the State of California. This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 8, based on the lack of definition in the Paragraph, and on that basis, the remainder of Paragraph 8 is denied.

9. This Answering Defendant admits that the Los Angeles County Probation Department is a public agency. This Answering Defendant denies that, at the relevant times, defendant Jerry Powers was the Acting Chief Probation Officer. This Answering Defendant admits that the Los Angeles

County Probation Department operates Camp Scudder. This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 9 and on that basis, the remainder of Paragraph 9 is denied.

10.     This Answering Defendant admits that defendant Calderon was a deputy probation officer for the LACPD.  This Answering Defendant denies that the alleged actions of Calderon, as asserted in the SAC, were done within the course and scope of his duties as a probation officer and denies that said alleged actions were done with authority or ratification of County.  This Answering Defendant denies that the alleged actions of Calderon, as asserted in the SAC, were within the scope of his employment. This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 10 and on that basis, the remainder of Paragraph 10 is denied.

11.     This Answering Defendant admits the allegations of Paragraph 11 that defendant Ibanez was in the course and scope of her employment with the County of Los Angeles Probation Department.  This Answering Defendant denies that defendant Ibanez violated Plaintiff's Constitutional Rights and denies that any of her actions or omissions was a cause of injury or damage to Plaintiff.

12.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 12.  This defendant is not known to this Answering Defendant.  On that basis, the allegations of Paragraph 12 are denied.

13.     This Answering Defendant admits the allegations of Paragraph 13 that defendant Coddington was in the course and scope of her employment with the County of Los Angeles Probation Department.  This

Answering Defendant denies that defendant Coddington violated Plaintiff's Constitutional Rights and denies that any of her actions or omissions was a cause of injury or damage to Plaintiff.

14.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 14 and on that basis, Paragraph 14 is denied.

15.     This Answering Defendant incorporates by reference all admissions and denials as previously set forth in each and every paragraph of its answer to the SAC.

16.     This Answering Defendant admits that Plaintiff was remanded to the custody of the LACPD and was incarcerated at Camp Scudder.  This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of Paragraph 16 and on that basis, the remainder of Paragraph 16 is denied.

17.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 17 and on that basis, the allegations of Paragraph 17 are denied.

18.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 18 and on that basis, the allegations of Paragraph 18 are denied.

19.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 19 and on that basis, the allegations of Paragraph 19 are denied.

20.     This Answering Defendant denies that it witnessed any inappropriate conduct as alleged in Paragraph 20 of the SAC and denies that it was aware of any inappropriate conduct as alleged in Paragraph 20 of the SAC.  This Answering Defendant lacks knowledge sufficient to form a

belief upon which to admit or deny the remainder of the allegations of Paragraph 20 of the SAC and on that basis, the remainder of Paragraph 20 is denied.

21.     This Answering Defendant denies that it witnessed any inappropriate conduct as alleged in Paragraph 21 of the SAC and denies that it was aware of any inappropriate conduct as alleged in Paragraph 21 of the SAC.  This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 21 of the SAC and on that basis, the remainder of Paragraph 21 is denied.

22.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 22 of the SAC and on that basis, the allegations of Paragraph 22 are denied.

23.     This Answering Defendant denies that defendant Coddington was advised by Plaintiff's "godfather" about the alleged inappropriate behavior of Calderon.  This Answering Defendant denies that defendant Coddington made the comments as alleged in Paragraph 23 and denies that Coddington told plaintiff's godfather that she was the person to whom he could make complaints.   This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 23 and on that basis, the remainder of the allegations of Paragraph 23 are denied.

24.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 24 of the SAC and on that basis, the allegations of Paragraph 24 are denied.

25.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 25 of the SAC and on that basis, the allegations of Paragraph 25 are denied.

26.     This Answering Defendant denies that it was advised of any inappropriate conduct as alleged in Paragraph 26 of the SAC and denies that it failed to intervene once notified of any allegations regarding Calderon. This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 26 and on that basis, the remainder of the allegations of Paragraph 26 are denied.

27.     This Answering Defendant denies that it discouraged camp wards from making complaints, denies that it made the statements as set forth in Paragraph 27 and denies that it dissuaded complaints.  This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 27 and on that basis, the remainder of the allegations of Paragraph 27 are denied.

28.     This Answering Defendant denies that it discouraged complaints, denies that its actions violated Plaintiff's Constitutional Rights and denies that its actions were a cause of injury or damage to Plaintiff. This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 28 and on that basis, the remainder of the allegations of Paragraph 28 are denied.

29.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 29 and on that basis, the allegations of Paragraph 29 are denied.

30.     This Answering Defendant denies that the snack shop was not regularly monitored.  This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the

allegations of Paragraph 30 and on that basis, the remainder of the allegations of Paragraph 30 are denied.

31.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 31 and on that basis, the allegations of Paragraph 31 are denied.

32.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 32 and on that basis, the allegations of Paragraph 32 are denied.

33.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 33 and on that basis, the allegations of Paragraph 33 are denied.

34.     This Answering Defendant denies that the snack shop was not visited by LACPD officers.  This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations or Paragraph 34 and on that basis, the remainder of the allegations of Paragraph 34 are denied.

35.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 35 and on that basis, the allegations of Paragraph 35 are denied.

36.     This Answering Defendant denies that it warned camp wards not to snitch and denies that it told camp wards not to file complaints.  This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 36 and on that basis, the remainder of the allegations of Paragraph 36 are denied.

37.     This Answering Defendant denies that defendant Coddington made the comments as alleged in Paragraph 37, denies that the Answering Defendant observed or was advised of any inappropriate conduct as alleged

in Paragraph 37, denies that defendant Coddington was aware or had any knowledge of the alleged actions as set forth in Paragraph 37, and denies that Coddington failed to respond when advised of any inappropriate conduct.  This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 37 and on that basis, the remainder of the allegations of Paragraph 37 are denied.

38.     This Answering Defendant admits that Coddington had supervision of her subordinates, denies that she had any knowledge of any inappropriate behavior as alleged in Paragraph 38, denies that she supervised all LACPD officers, and denies that she observed any inappropriate behavior toward Plaintiff.  This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 38 and on that basis, the remainder of the allegations of Paragraph 38 are denied.

39.     This Answering Defendant denies that Plaintiff was isolated from any protection by LACPD officers or staff.  This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 39 and on that basis, the remainder of the allegations of Paragraph 39 are denied.

40.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 40 and on that basis, the allegations of Paragraph 40 are denied.

41.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 41 and on that basis, the allegations of Paragraph 41 are denied.

42.    This Answering Defendant denies that it had notice or any knowledge that Calderon was engaging in any conduct in violation of any written policy. This Answering Defendant denies the remainder of Paragraph 42.

43.    This Answering Defendant denies that it failed to act as alleged in Paragraph 43, and denies that it was aware of any conduct in violation of department policy or law.  This Answering Defendant admits that certain of said policies are to deter sexual abuse but denies that it failed to enforce any such policies as alleged in Paragraph 43.  This Answering Defendant denies the remainder of Paragraph 43.

44.    This Answering Defendant denies that it failed to supervise Calderon, denies that it was aware of any sexual abuse of Plaintiff as alleged in the SAC, denies that it failed to report or investigate when notified of any alleged inappropriate conduct of Calderon and denies that there was a culture of LACPD officers intimidating camp wards from making complaints.  This Answering Defendant denies that it failed to act after being advised of any inappropriate behavior by Calderon, denies that Calderon's behavior was not timely investigated and denies that Calderon was not subject to timely LACPD discipline.   This Answering Defendant denies the charging allegations of Paragraph 44.

45.    This Answering Defendant denies that it was advised of any inappropriate conduct of Calderon as alleged in Paragraph 45, denies that it did not timely investigate, once notified of the alleged acts, and denies that Calderon was not adequately trained or supervised.  This Answering Defendant denies the charging allegations of Paragraph 45.

46.    This Answering Defendant denies that it violated Plaintiff's Constitutional Rights and denies that any of its actions or omissions was a

cause of injury or damage to Plaintiff.  This Answering Defendant denies that Plaintiff sustained any injury or damage as a result of any conduct on the part of this answering defendant.   This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 46 and on that basis, the remainder of Paragraph 46 is denied.

47.    This Answering Defendant denies that it violated Plaintiff's Constitutional Rights and denies that any of its actions or omissions was a cause of injury or damage to Plaintiff.  This Answering Defendant denies that Plaintiff sustained any injury or damage as a result of any conduct on the part of this answering defendant.  This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 47 and on that basis, the remainder of Paragraph 47 is denied.

48.    This Answering Defendant denies that it violated Plaintiff's Constitutional Rights and denies that any of its actions or omissions was a cause of injury or damage to Plaintiff.  This Answering Defendant denies that Plaintiff sustained any injury or damage as a result of any conduct on the part of this answering defendant.  This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 48 and on that basis, the remainder of Paragraph 48 is denied.

49.    This Answering Defendant denies that it violated Plaintiff's Constitutional Rights and denies that any of its actions or omissions was a cause of injury or damage to Plaintiff.  This Answering Defendant denies that Plaintiff sustained any injury or damage as a result of any conduct on the part of this answering defendant.   This Answering Defendant lacks

knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 49 and on that basis, the remainder of Paragraph 49 is denied.

50.     This Answering Defendant denies that it violated Plaintiff's Constitutional Rights and denies that any of its actions or omissions was a cause of injury or damage to Plaintiff.  This Answering Defendant denies that its actions or omissions were willful, wanton, malicious or oppressive or were in reckless disregard or in deliberate indifference to or with intent to deprive Plaintiff of her Constitutional Rights.  This Answering Defendant denies that it violated Plaintiff's Constitutional Rights and denies that any of its employees are liable to Plaintiff for exemplary or punitive damages.  This Answering Defendant denies the remainder of Paragraph 50.

51.     This Answering Defendant incorporates by reference all admissions and denials as previously set forth in each and every paragraph in its Answer to the SAC.

52.     This Answering Defendant admits that Plaintiff was a ward of the court and incarcerated at Camp Scudder.  This Answering Defendant admits that Camp Scudder is a juvenile detention facility operated by the County of Los Angeles.  This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 52 and on that basis, the remainder of Paragraph 52 is denied.

53.     This Answering Defendant denies that it deprived Plaintiff of her civil rights, denies that its actions in any manner inhibited Plaintiff's freedom of speech or right to petition for redress of grievances or to complain of her treatment.  This Answering Defendant denies that any of its actions or omissions would chill a person of ordinary firmness from

engaging in freedom of speech.   This Answering Defendant denies the remainder of Paragraph 53.

54.     This Answering Defendant denies that any of its actions constituted an abuse of authority, denies that any of its actions were unlawful or were intended to or did harm Plaintiff.  This Answering Defendant denies that any of its actions or omissions was unfair, arbitrary or oppressive and denies that any of its actions was a cause of injury or damage to Plaintiff.  This Answering Defendant denies the remainder of Paragraph 54.

55.     This Answering Defendant denies that any of its actions or omissions was willful, wanton, malicious or done with reckless disregard for the rights and safety of Plaintiff.  This Answering Defendant denies the remainder of Paragraph 55.

56.     This Answering Defendant denies that any of its actions were unlawful and denies that any of its actions or omissions was a cause of any injury or damage to Plaintiff.  This Answering Defendant denies the remainder of Paragraph 56.

57.     This Answering Defendant denies that it violated Plaintiff's Constitutional Rights and denies that it was a cause of any injury or damage to Plaintiff.  This Answering Defendant denies the remainder of Paragraph 57.

58.     This Answering Defendant incorporates by reference all admissions and denials as previously set forth in each and every paragraph in its answer to the SAC.

59.     This Answering Defendant admits that Plaintiff was a ward of the court and incarcerated at Camp Scudder.  This Answering Defendant admits that Camp Scudder is a juvenile detention facility operated by the

County of Los Angeles. This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 59 and on that basis, the remainder of Paragraph 59 is denied.

60. This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 60 and on that basis, the allegations in Paragraph 60 are denied.

61. This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 61 and on that basis, the allegations in Paragraph 61 are denied.

62. This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 62 and on that basis, the allegations in Paragraph 62 are denied.

63. This Answering Defendants lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 63 and on that basis, the allegations in Paragraph 63 are denied.

64. This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 64 and on that basis, the allegations in Paragraph 64 are denied.

65. This Answering Defendant denies that it violated Plaintiff's Constitutional Rights and denies that any of its acts or omissions was a cause of injury or damage to Plaintiff. This Answering Defendant denies that any of its acts or omissions was unlawful.

66. This Answering Defendant incorporates by reference all admissions and denials as previously set forth in each and every paragraph in its answer to the SAC.

67.     This Answering Defendant admits that Plaintiff was a ward of the court and incarcerated at Camp Scudder.  This Answering Defendant admits that Camp Scudder is a juvenile detention facility operated by the County of Los Angeles.   This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 67 and on that basis, the remainder of Paragraph 67 is denied.

68.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 68 and on that basis, Paragraph 68 is denied.

69.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 69 and on that basis, the allegations in Paragraph 69 are denied.

70.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 70 and on that basis, the allegations in Paragraph 70 are denied.

71.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 71 and on that basis, the allegations in Paragraph 71 are denied.

72.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 72 and on that basis, the allegations in Paragraph 72 are denied.

73.     This Answering Defendant denies that it violated Plaintiff's Constitutional Rights and denies that any of its acts or omissions was a cause of injury or damage to Plaintiff.    This Answering Defendant denies that any of its acts or omissions was unlawful.

74.     This Answering Defendant incorporates by reference all admissions and denials as previously set forth in each and every paragraph in its answer to the SAC.

75.     This Answering Defendant admits that Plaintiff was a ward of the court and incarcerated at Camp Scudder.  This Answering Defendant admits that Camp Scudder is a juvenile detention facility operated by the County of Los Angeles.   This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 75 and on that basis, the remainder of Paragraph 75 is denied.

76.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations of Paragraph 76 and on that basis, the allegations in Paragraph 76 are denied.

77.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 77 and on that basis, the allegations in Paragraph 77 are denied.

78.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 78 and on that basis, the allegations in Paragraph 78 are denied.

79.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 79 and on that basis, the allegations in Paragraph 79 are denied.

80.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 80 and on that basis, the allegations in Paragraph 80 are denied.

81.     This Answering Defendant denies that it violated Plaintiff's Constitutional Rights and denies that any of its acts or omissions was a cause

of injury or damage to Plaintiff.    This Answering Defendant denies that any of its acts or omissions was unlawful.

82.     This Answering Defendant incorporates by reference all admissions and denials as previously set forth in each and every paragraph in its answer to the SAC.

83.     This Answering Defendant admits that Plaintiff was a ward of the court and incarcerated at Camp Scudder.  This Answering Defendant admits that Camp Scudder is a juvenile detention facility operated by the County of Los Angeles.   This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations of Paragraph 83 and on that basis, the remainder of Paragraph 83 is denied.

84.      This Answering Defendant admits the allegations of Paragraph 84.

85.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 85 and on that basis, the allegations in Paragraph 85 are denied.

86.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 86 and on that basis, the allegations in Paragraph 86 are denied.

87.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 87 and on that basis, the allegations in Paragraph 87 are denied.

88.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 88 and on that basis, the allegations in Paragraph 88 are denied.

89.     This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the allegations in Paragraph 89 and on that basis, the allegations in Paragraph 89 are denied.

90.     This Answering Defendant denies that it violated Plaintiff's Constitutional Rights and denies that any of its acts or omissions was a cause of injury or damage to Plaintiff.   This Answering Defendant denies that any of its acts or omissions was unlawful.

91.     This Answering Defendant incorporates by reference all admissions and denials as previously set forth in each and every paragraph in its answer to the SAC.

92.     This Answering Defendant admits that the actions of Coddington, Ibanez and Powers were within the course and scope of employment of the County and the LACPD.  This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations in Paragraph 92 and on that basis, the remainder of the allegations of Paragraph 92 are denied.

93.     This Answering Defendant denies that it deprived Plaintiff of any Constitutional Rights and denies that any of its actions or omissions was a cause of injury or damage to Plaintiff.  This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations in Paragraph 93 and on that basis, the remainder of the allegations in Paragraph 93 are denied.

94.     This Answering Defendant denies each and every allegation in Paragraph 94 of the SAC.

95.     This Answering Defendant denies each and every allegation in Paragraph 95 of the SAC.

96.     This Answering Defendant denies each and every allegation in Paragraph 96 of the SAC.

97.     This Answering Defendant denies each and every allegation in Paragraph 97 of the SAC.  This Answering Defendant denies that Plaintiff was injured or damaged as a result of any act or omission of the Answering Defendant and denies that any conduct on its part entitles Plaintiff to punitive damages.

98.     This Answering Defendant incorporates by reference all admissions and denials as previously set forth in each and every paragraph in its answer to the SAC.

99.     This Answering Defendant admits that actions of defendants Coddington, Ibanez and Powers were within the course and scope of employment by the County and the LACPD.  This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations in Paragraph 99 and on that basis, the remainder of Paragraph 99 is denied.

100.    This Answering Defendant denies that it deprived Plaintiff of any Constitutional Rights and denies that any of its actions or omissions was a cause of injury or damage to Plaintiff.  This Answering Defendant lacks knowledge sufficient to form a belief upon which to admit or deny the remainder of the allegations in Paragraph 100 and on that basis, the remainder of the allegations in Paragraph 100 is denied.

101.    This Answering Defendant denies each and every allegation in Paragraph 101 of the SAC.

102.    This Answering Defendant denies each and every allegation in Paragraph 102 of the SAC.

103.   This Answering Defendant denies each and every allegation in Paragraph 103 of the SAC.

104.   This Answering Defendant denies each and every allegation in Paragraph 104 of the SAC.

105.   This Answering Defendant denies each and every allegation in Paragraph 105 of the SAC.  This Answering Defendant denies that Plaintiff was injured or damaged as a result of any act or omission of the Answering Defendant and denies that any conduct on its part entitles Plaintiff to punitive damages.

106.   This Answering Defendant incorporates by reference all admissions and denials as previously set forth in each and every paragraph in its answer to the SAC.

107.   This Answering Defendant admits that defendant Coddington is a supervisor in the Los Angeles County Probation Department.

108.   This Answering Defendant denies that any acts or omissions of defendant Coddington was a cause of any injury or damage to Plaintiff and further denies that any acts or omissions of defendant Coddington was in violation of Plaintiff's Constitutional Rights.

109.   This Answering Defendant denies that defendant Coddington knew or had been put on notice of any inappropriate conduct of Calderon as alleged in Paragraph 109 of the SAC, denies that defendant Coddington knew that Calderon was engaging in conduct in violation of policy and denies that she knew or had reason to know that any conduct of Calderon was violating Plaintiff's rights.

110.   This Answering Defendant denies that any actions or omissions of Coddington were a cause of any inappropriate conduct as alleged in Paragraph 110 of the SAC.

111.   This Answering Defendant denies each and every allegation in Paragraph 111 of the SAC.

112.   This Answering Defendant denies each and every allegation in Paragraph 112 of the SAC.

113.   This Answering Defendant denies each and every allegation in Paragraph 113 of the SAC.

114.   This Answering Defendant denies that the actions of Coddington were in reckless or callous indifference to the deprivation of anyone's rights, including Plaintiff.  This Answering Defendant denies that Coddington engaged in any conduct which was a cause of injury or damage to Plaintiff.

115.   This Answering Defendant denies each and every allegation in Paragraph 115 of the SAC.  This Answering Defendant denies that Plaintiff was injured or damaged as a result of any act or omission of the Answering Defendant and denies that any conduct on its part entitles Plaintiff to punitive damages.

116.   This Answering Defendant incorporates by reference all admissions and denials as previously set forth in each and every paragraph in its answer to the SAC.

117.   This Answering Defendant admits that Plaintiff seeks recovery under the stated statute.

118.   This Answering Defendant denies each and every allegation of Paragraph 118 of the SAC.  The Answering Defendant denies that it had knowledge, at any time, that Plaintiff was at risk of being sexually assaulted by Calderon, denies that it conspired with others to refuse to protect Plaintiff and denies that it failed to intervene to protect Plaintiff.  This Answering Defendant denies that it violated Plaintiff's civil rights and denies that it

conspired to violate Plaintiff's civil rights.  This Answering Defendant lacks knowledge upon which to admit or deny the remainder of the allegations of Paragraph 118 and on that basis, the remainder of Paragraph 118 is denied.

119.   This Answering Defendant denies that any of its acts or omissions was a cause of injury or damage to Plaintiff, denies that it acted with deliberate indifference and denies that Plaintiff was harmed due to any conduct on the part of the Answering Defendant.

120.   As to the Prayer for Relief, this Answering Defendant denies that any of its acts or omissions was a cause of injury or damage to Plaintiff; denies that Plaintiff is entitled to any compensatory or special damages from it; and denies that Plaintiff is entitled to any punitive damages.  This Answering Defendant denies that Plaintiff is entitled to any damages in any sum from Answering Defendant.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE**

1.   The SAC fails to state a claim against the Answering Defendant upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

2.   The damages alleged by Plaintiff in the SAC were not caused by the fault, carelessness, negligence or wrongful conduct on the part of the Answering Defendant, but if any such fault, carelessness, or negligence is found to exist, any recovery or reward of damages must be diminished in proportion to the amount of fault attributable to Plaintiff.

**THIRD AFFIRMATIVE DEFENSE**

3.   The Answering Defendant is entitled to an offset for all benefits paid to Plaintiff by any agency of the County of Los Angeles or through funds which were provided by the County of Los Angeles.

## FOURTH AFFIRMATIVE DEFENSE

4.      Plaintiff has failed to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

5.      The Answering Defendant exercised due care and diligence in all matters alleged in the SAC, and no negligence or wrongful act or omission by said Answering Defendant was the proximate cause of any alleged injury, loss or damage to Plaintiff.

## SIXTH AFFIRMATIVE DEFENSE

6.      Any alleged acts or omissions by the Answering Defendant was superseded by the negligence of the Plaintiff, whose negligence was the sole and proximate cause of any damages that Plaintiff alleges in the SAC.

## SEVENTH AFFIRMATIVE DEFENSE

7.      Any and all acts or omissions of the Answering Defendant which allegedly caused the injury at the time and place set forth in the SAC was in the exercise of discretion vested in it and therefore there is no liability pursuant to California Government Code Section 820.2, et seq.

## EIGHTH AFFIRMATIVE DEFENSE

8.      The acts of the Answering Defendant were lawfully made in good faith as law enforcement officers acting within the scope of their authority and with reasonable cause at the time to believe that their conduct was lawful.

## NINTH AFFIRMATIVE DEFENSE

9.      Public employees are not liable for their acts or omissions, while exercising due care, keeping the peace, insuring the safety of the public, and enforcing the law.

## TENTH AFFIRMATIVE DEFENSE

10. The Answering Defendant took action which might reasonably be expected of law enforcement officers of ordinary prudence, acting under similar circumstances, who desire to keep the peace and enforce the law.

## ELEVENTH AFFIRMATIVE DEFENSE

11. This Answering Defendant exercised due care and diligence in all matters alleged in the SAC, and no negligence or wrongful act or omission by said Defendant was the proximate cause of any alleged injury, loss or damage to Plaintiff.

## TWELFTH AFFIRMATIVE DEFENSE

12. This Answering Defendant alleges that if Plaintiff suffered any damages, those damages were proximately caused or contributed to by the negligence or otherwise culpable conduct of individuals or entities other than these Answering Defendant, whether or not named and served herein, which precludes Plaintiff from recovery against this Answering Defendant.

## THIRTEENTH AFFIRMATIVE DEFENSE

13. The alleged acts and/or omissions by the Answering Defendant were not in the performance under the "color of law" as required by 42 U.S.C. §1983.

## FOURTEENTH AFFIRMATIVE DEFENSE

14. The Plaintiff's SAC and each and every claim contained therein, and/or any amendments thereto, are barred by the applicable statute of limitations.

## FIFTEENTH AFFIRMATIVE DEFENSE

15. The Answering Defendant is informed and believes and thereon alleges that Defendant is entitled to a right of contribution from any person whose negligence or intentional act proximately contributed to the happening of the alleged incident or alleged injuries of Plaintiff should Plaintiff receive a verdict against this Answering Defendant.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     The Answering Defendant's liability, if any, for Plaintiff's non-economic damages is limited to this Answering Defendants' proportionate fault, if any, in accordance with California <u>Civil Code</u> sections 1432.2 and 1431.5 and any damages awarded to Plaintiff against this Answering Defendant should be reduced accordingly.

## SEVENTEENTH AFFIRMATIVE DEFENSE

17.     The Answering Defendant reserves their right to seek defense costs on the basis that the instant lawsuit was not brought in good faith and is frivolous.

## EIGHTEENTH AFFIRMATIVE DEFENSE

18.     Plaintiff's SAC fails to set forth a cause of action because the Answering Defendant did not act pursuant to an official government policy which violated Plaintiff's constitutional rights.

## NINETEENTH AFFIRMATIVE DEFENSE

19.     Plaintiff has failed to exhaust her remedies under State and/or Administrative law as to some or all of the allegations contained in her SAC.

## TWENTIETH AFFIRMATIVE DEFENSE

20.     Plaintiff's Complaint is unable to establish that any activity alleged to have caused the unconstitutional deprivation was done pursuant to a policy, statement, ordinance, regulation, or decision officially adopted and promulgated by this Answering Defendant.

## TWENTY FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff's injuries, if any, were caused by persons other than the Answering Defendant.

## TWENTY SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's injuries, if any, are the result of her own negligence and/or assumption of known risk.

## TWENTY THIRD AFFIRMATIVE DEFENSE

23.    Plaintiff's allegations and claims for relief are barred, in whole or in part, by the doctrine of laches.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

24.    Plaintiff's allegations and claims for relief are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

25.    Plaintiff's allegations and claims for relief are barred, in whole or in part, by the doctrine of estoppel.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

26.    The Answering Defendant cannot fully anticipate all affirmative defenses that are applicable to Plaintiff's claims based on the general allegations contained in the SAC.  As such, this Answering Defendant reserves its right to assert additional affirmative defenses as they become applicable.

## PRAYER

WHEREFORE, Answering Defendant prays for judgment on Plaintiff's SAC, the award of its costs and fees in this action, and for such relief as the Court may deem just and proper.


Dated: October 5, 2017              SEKI, NISHIMURA & WATASE, LLP


                                    By: ____/S/ *Janet L. Keuper*_____
                                        GILBERT M. NISHIMURA
                                        JANET L. KEUPER
                                        Attorneys for Defendants, COUNTY OF
                                    LOS ANGELES, ROSELYN   IBANEZ,
                                    DARLA CODDINGTON and JERRY
                                    POWERS

## **REQUEST FOR JURY TRIAL**

THIS ANSWERING DEFENDANT, County of Los Angeles, hereby requests a jury trial on all issues triable by jury, as provided by Federal Rule of Civil Procedure, Rule 38(a) and (b).

Dated: October 5, 2017                    SEKI, NISHIMURA & WATASE, LLP


By: _____/S/ *Janet L. Keuper*_____
        GILBERT M. NISHIMURA
        JANET L. KEUPER
        Attorneys for Defendants, COUNTY OF
LOS ANGELES, ROSELYN IBANEZ,
DARLA CODDINGTON and JERRY
POWERS